**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Cause No. DR:25-CR-01544-EG |
| | § | |
| | § | |
| ALEXANDRO CONTRERAS | § | |

## GOVERNMENT'S MOTION IN LIMINE

TO THE HONORABLE ERNEST GONZALEZ, UNITED STATES DISTRICT JUDGE:

The United States by and through the undersigned Assistant United States Attorney, and hereby requests that counsel for the Defendant, and through such counsel any and all defense witnesses, be instructed by appropriate order to refrain from making any mention or interrogation, directly or indirectly in any manner whatsoever, concerning the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause during the trial or during arguments in regard to any alleged theory of admissibility of such matters or during final argument of the trial.  This case is set for jury trial on December 19, 2025.

1.    **PRETRIAL DISCUSSIONS**:  The Government requests that Defense Counsel be strictly prohibited from stating or eliciting in any manner, from any witness, any plea arrangement discussions, pretrial conferences, or any related statements, between the Government and the Defendant or his counsel in this case, in that such information is not relevant evidence in connection with the resolution of any issues in this case. Fed. R. Evid. 401, 402, 410.

2.    **TESTIMONY ONLY THROUGH DEFENDANT**: Restricting counsel from alluding to facts or exhibits which could only come to the fact finder's attention through the sworn

testimony of the Defendant or other defense witnesses unless counsel for the Defense makes a good faith proffer to the Court that such witness will in fact testify.

3. **SELF-SERVING HEARSAY**: Prohibiting any attempt by defense to elicit Defendant's out of court, self-serving statements from any witness or through any exhibit. Any such statements, when attempted to be elicited by the Defendant, are hearsay without exception and inadmissible. Fed. R. Evid. 801, 804; *see United States v. Bishop*, 264 F.3d 535, 549 (5th Cir. 2001) (finding that the district court properly excluded the defendant's testimony concerning the defendant's own prior statements as "self-serving" assertions, not subject to any hearsay exceptions); *United States v. Sanders*, 639 F.2d 268, 270 (5th Cir. 1981) (defense could not elicit hearsay statements of a defendant).

4. **STATEMENTS RELATING TO THE EMOTIONAL, FINANCIAL OR HEALTH STATUS OF THE DEFENDANT OR THE DEFENDANT'S FAMILY**: The Government requests that Defense Counsel be strictly prohibited from stating or eliciting in any manner, from any witness, the emotional, financial or health status of the Defendant or members of the Defendant's family.  This information is irrelevant in the trial of this case, and Counsel should be cautioned to avoid eliciting responses that touch or bear on the aforementioned matters. Fed. R. Evid. 401, 402.

5. **DEFENSE EXHIBITS**: The Government requests that Defense Counsel be strictly prohibited from commenting on any defense exhibits in opening statement, that have not previously been supplied to counsel for the Government.

6. **SENTENCING ISSUES**: The Government requests that Defense Counsel be strictly prohibited from stating or eliciting in any manner, from any witness, any reference to the punishment the Defendant would receive if convicted.  Fifth Circuit case law is clear on this point.

"It is error to tell the jury about the consequences of a certain verdict even if they are mandatory." *United States v. McCracken*, 488 F.2d 406, 425 (5th Cir. 1974).

7.      **INVITING DEFENDANT TO GIVE A NARRATIVE**: The Government requests that Defense Counsel be strictly prohibited from asking any witness any question to the effect "Is there anything else you would like to tell the jury?" since such question calls for a narrative response, is not a question, much less a proper question, and would therefore not afford the Government knowledge of the nature of the testimony called for by the invitation, thus hindering Government counsel from being able to appropriately and timely object to any portion of the response.

8.      **EVIDENCE OF CERTAIN AFFIRMATIVE DEFENSES**: Government requests the Defense be prohibited from discussing or eliciting testimony, evidence, or other information of any such affirmative defense, unless Defense provides notice of any such affirmative defense found in Rules 12.1, 12.2, or 12.3 of the Federal Rules of Criminal Procedure in accordance with the Court's General Order Concerning Discovery and Pretrial Motions.

9.      **ALLEGATIONS OF PROSECUTORIAL MISCONDUCT**: The Government moves to exclude allegations of prosecutorial misconduct, of which should only be handled outside the presence of the jury so that the Court can determine whether there is a factual foundation and probative value.

10.     **JURY NULLIFICATION**: The Government moves to preclude the Defendant from any question, comment, argument, or testimony encouraging the jury to judge the wisdom or value of the laws which the Defendant is accused of violating. The jury's function is to apply the law given them by the Court to the facts as they find them. The jury is clearly not permitted to judge the wisdom or value of the law and should not be encouraged to do so by questions, arguments, or testimony designed to elicit such judgments on their part.

The Government also moves to preclude the Defendant form arguing or presenting evidence designed to elicit jury nullification. The Government moves the Court to prohibit any argument by the Defendant designed to induce a jury to grant acquittal notwithstanding the jury's determination that the Government met its burden of proof.

11.     **GOVERNMENT'S WITNESS LIST**:  There are many reasons the Government may not call every witness on its list, including that the witness may become unavailable or testimony may become cumulative. A jury can be confused if told that the Government listed particular persons on its witness list but failed to call said person to testify.

Defendants can subpoena any witness available to the Government. Thus, they should be precluded from commenting on or asking the jury to draw any negative inference from the Government's decision not to call a particular witness.

12.     **RULE OF EXCLUSION**:  The Government invokes Federal Rules of Evidence 615, therefore prohibiting potential witnesses from hearing the testimony of other witnesses at the trial, unless the witness qualifies under an exception to the rule of exclusion.

13.     **REVIEW OF GOVERNMENT'S EVIDENCE**:  The Government requests that the Defendant be prohibited from offering any testimony or evidence concerning any alleged failure of the Government to make documents, witnesses, or witness identities, and/or other evidence available to the Defense, or evidence that the Government created obstacles to the Defense's review of such evidence, such as, but not limited to:

A.     Government equipment was insufficient to conduct examinations.

B.     Claims that the Government did not maintain, provide, or make evidence available to Defense, absent a showing to the Court outside the presence of the jury that the Defense has a discovery dispute so the Court may rule on it.

Respectfully Submitted,

JUSTIN R. SIMMONS
United States Attorney

By:


 **/s/ *Ashley Ellis-Dotson***
ASHLEY ELLIS-DOTSON
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the Defendant's counsel.

_/s/ *Ashley Ellis-Dotson*_____
ASHLEY ELLIS-DOTSON
Assistant United States Attorney